DAVID E. MASTAGNI, ESQ. (SBN 204244)
ISAAC S. STEVENS, ESQ. (SBN 251245)
ACE T. TATE, ESQ. (SBN 262015)
IAN B. SANGSTER, ESQ. (SBN 287963)
**MASTAGNI HOLSTEDT**
*A Professional Corporation*
1912 "I" Street
Sacramento, California 95811
Telephone: (916) 446-4692
Facsimile: (916) 447-4614
davidm@mastagni.com
istevens@mastagni.com
atate@mastagni.com
isangster@mastagni.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGG PETERSON, on behalf of himself and all similarly situated individuals, | Case No. |
| Plaintiffs, | **COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT** |
| v. | |
| CITY OF COVINA, | **COLLECTIVE ACTION - 29 U.S.C. § 216** |
| Defendant. | |

## I.

## INTRODUCTION

1. This action is brought pursuant to the provisions of the Fair Labor Standards Act ("FLSA") 29 U.S.C. sections 201, *et seq.*, to recover from Defendant CITY OF COVINA (hereinafter "Defendant") unpaid overtime and other compensation, interest thereon, liquidated damages, costs of suit, and reasonable attorney fees.

2.    This action arises from Defendant's failure to include all statutorily required forms of compensation in the "regular rate" used to calculate overtime compensation for Plaintiff and all similarly situated individuals.

## II.

## PARTIES

3.    Plaintiff GREGG PETERSON ("Plaintiff") is employed by the Defendant. Plaintiff brings this action on behalf of himself and all similarly situated individuals who Defendant failed to properly compensate for overtime hours worked within the three years prior to filing this action.

4.    Defendant implemented an illegal compensation computation method, which undercounts Plaintiff's "regular rate" of pay. Defendant's method of calculating Plaintiff's "regular rate" of pay results, and has resulted, in the under-payment for overtime hours worked. Defendant suffered or permitted Plaintiff to perform overtime work without proper compensation.

5.    Defendant is a political subdivision of the State of California, and employed the Plaintiff.

6.    Plaintiff brings this action on behalf of himself and all other similarly situated individuals. Those individuals constitute a well-defined community of interest in the questions of law and fact at issue in this case. The claims of the represented Plaintiff are typical of the claims of those similarly situated.

7.    The named Plaintiff will fairly and adequately reflect and represent the interests of those similarly situated. There is no conflict as to the individually named Plaintiff and other members of the class with respect to this action or with respect to the claims for relief set forth herein.

///

///

///

///

### III.

### JURISDICTION

8.  This action is brought pursuant to the provisions of the FLSA, 29 U.S.C. section 201, *et seq*., to recover from Defendant unpaid overtime compensation, interest thereon, liquidated damages, costs of suit, and reasonable attorney fees.  This Court has jurisdiction over this action pursuant to 28 U.S.C. section 1331 and 29 U.S.C. section 216(b), because this action is based on the FLSA.  This Court has subject matter jurisdiction of this action pursuant to 29 U.S.C. sections 207, *et seq*.

### IV.

### COLLECTIVE ACTION ALLEGATIONS

9.  Plaintiff brings this action on behalf of himself and all other persons similarly situated who work, or have worked, for the Defendant at any time in the last three years and were deprived of their complete statutory overtime compensation. Those individuals are similarly situated and constitute a well-defined community of interest in their respective questions of law and fact relevant to this action. Plaintiff's claims are typical of those of other individuals similarly situated. Plaintiff will fairly and adequately represent the interests of those similarly situated.

10. This action is brought by Plaintiff as a collective action, on his own behalf and on behalf of all others similarly situated, under the provisions of 29 U.S.C. section 216, for damages, liquidated damages, a three-year statute of limitations, and relief incident and subordinate thereto, including costs and attorney fees.

11. On information and belief, the exact number of members similarly situated in the collective group, as herein identified and described, is estimated to consist of well over forty individuals.

12. There are common questions of law and fact in this action relating to and affecting the rights of each member of the collective group, including whether

Defendant failed to fully compensate Plaintiff and similarly situated individuals for all overtime hours worked by excluding certain remunerations from the "regular rate" of pay used to calculate overtime compensation, including but not limited to, cash in lieu of health benefits, contributions made towards the purchase of health benefits, payments in lieu of holidays and other payments made pursuant to the applicable collective bargaining agreements. The relief sought is common to the entire class.

13. Plaintiff's claims and the claims of those similarly situated depend on a showing of Defendant's acts and omissions giving rise to Plaintiff's rights to the relief sought herein. There is no conflict as to any individually named Plaintiff and other members of the collective group seeking to opt in, with respect to this action, or with respect to the claims for relief set forth herein.

14. This action is properly maintained as a collective action in that the prosecution of separate actions by individual members of the collective group would create a risk of adjudications with respect to individual members of the class which may as a practical matter be dispositive of the interests of the other members not parties to the adjudications, or may substantially impair or impede their ability to protect their interests.

15. Plaintiff's lawyers are experienced and capable in the field of FLSA and labor/employment litigation and have successfully represented thousands of claimants in other litigation of this nature.

16. Plaintiff's counsel, Mastagni Holstedt, APC, will conduct and be responsible for Plaintiff's case herein. David E. Mastagni and Isaac S. Stevens, who will be primarily responsible for litigating this matter, have represented thousands of employees pursuing wage and hour claims throughout the State of California, and have recovered millions of dollars on their behalf.

17. This action is appropriate for conditional certification as a collective action because Defendant subjected Plaintiff, and the class of putative plaintiffs he seeks

to represent, to the same uniform practice of excluding certain remunerations from the "regular rate" of pay used to calculate their overtime compensation, including but not limited to, cash in lieu of health benefits, contributions made towards the purchase of health benefits, payments made in lieu of holidays as well as other payments made pursuant to the applicable collective bargaining agreements.

18. This factual nexus is sufficient to justify the Court to exercise its discretion to ensure that accurate and timely notice is given to all similarly situated former and current employees of Defendant so that they may make an informed decision about whether or not to join this action.

## V.

## FACTUAL ASSERTIONS

19. Plaintiff is, or was, employed by the Defendant within the last three (3) years.

20. At all times relevant hereto, Defendant suffered or permitted Plaintiff and other similarly situated individuals to work hours beyond statutory thresholds for overtime compensation required by the FLSA.

21. At all times relevant hereto, Defendant impermissibly excluded certain remunerations or undervalued the "regular rate" of pay, upon which all forms of Plaintiff's overtime compensation are based.

22. Pursuant to 29 U.S.C. section 207(e), the "regular rate" must include all remuneration received by an employee unless it is explicitly excluded. The burden is on an employer to demonstrate that a payment is excludable from the regular rate. (*Madison v. Resources for Human Development* (3rd. Cir. 2000) 233 F.3d 175, 187.)

23. Defendant's past and current practice of computing Plaintiff's overtime has impermissibly reduced the amount being paid to Plaintiff by failing to compute all statutorily required amounts into Plaintiff's "regular rate" of pay as defined by 29 U.S.C. section 207(e).

24.   Defendant failed to include monetary compensation paid to Plaintiff and other similarly situated individuals who declined Defendant-provided health insurance in the "regular rate" used to calculate Plaintiff's overtime compensation.

25.   For example, as part of the compensation Defendant provided Plaintiff and other similarly situated individuals, Defendant paid Plaintiff and other similarly situated individuals monetary compensation in lieu of contributing towards Defendant-provided health benefits coverage.

26.   Defendant also paid Plaintiff and other similarly situated individuals monetary compensation for spending less than the monthly allowance provided towards Defendant-provided health benefits coverage.

27.   At all times relevant hereto, Defendant placed no condition on use of these in-lieu payments.

28.   Also as part of the compensation it provided Plaintiff, Defendant made contributions on behalf of Plaintiff and other similarly situated individuals towards Defendant-provided health benefits coverage.

29.   Defendant also paid monetary compensation to Plaintiff and similarly situated individuals in lieu of holidays.  These payments were made to Plaintiff and similarly situated individuals due to the nature of their employment with Defendant, which requires operations to be maintained regardless of the occurrence of holidays.

30.   In calculating the "regular rate" for the purposes of overtime compensation, Defendant excluded certain remunerations it paid Plaintiff and similarly situated individuals, including but not limited to, cash in lieu of health benefits, contributions made towards the purchase of health benefits, as well as payments made in lieu of holidays and other payments.

31.   At all times relevant hereto, Defendant treated these payments to Plaintiff as wages for the purposes of applicable tax withholdings.  Plaintiff is informed and

believes Defendant treated such payments to similarly situated individuals in the same manner.

32. Pursuant to 29 U.S.C. section 207(e), Defendant is statutorily required to include all forms of remuneration in Plaintiff's "regular rate" of pay.

33. 29 U.S.C. section 207(e)(2) does not allow Defendant to exclude from the "regular rate" monetary compensation paid to Plaintiff and similarly situated individuals in lieu of contributions for health benefits or spending less than the allowance provided.

34. Similarly, 29 U.S.C. section 207(e)(4) only allows employers to exclude from the "regular rate" contributions they irrevocably make to a trustee or third person when made pursuant to a "bona fide plan" for providing health insurance benefits.

35. The Department of Labor's interpretation of the term "bona fide plan" is set forth in 29 C.F.R. section 778.215(a)(5), which states in part:

> The plan must not give an employee the right to assign his benefits under the plan nor the option to receive any part of the employer's contributions in cash instead of the benefits under the plan: Provided, however, That if a plan otherwise qualified as a bona fide benefit plan under section 7(e)(4) of the Act, it will still be regarded as a bona fide plan even though it provides, as an incidental part thereof, for the payment to an employee in cash of all or a part of the amount standing to his credit.

36. In *Flores v. City of San Gabriel,* 824 F.3d 890 (9th Cir. 2016); cert. denied 581 U.S. ___ (U.S. May 1, 2017) (No. 16-911).), the Ninth Circuit Court of Appeals held that payments to employees in lieu of health benefits were not excludable from the "regular rate" of pay under either 29 U.S.C. sections 207(e)(2) or (e)(4). With respect to the exclusion codified in 207(e)(2) and its companion federal regulation, the court noted "[u]nder § 778.224(a), a payment may not be excluded from the "regular rate" of pay pursuant to § 207(e)(2) if it is generally understood as compensation for work, even though the payment is not directly tied to specific

hours worked by an employee." (*Id.*)  Further, the court held that cash payments in lieu of health benefits are not excludable from the "regular rate" under 207(e)(4) because those payments were not made to a trustee or third party.

37.   The Court in *Flores, supra,* also held that when the total cash payments made directly to employees pursuant to a benefit plan are more than "incidental," the plan is not bona fide for the purposes of 29 U.S.C. 207(e)(4) and 29 C.F.R. section 778.215. (*Id.* at 903.)

38.   Defendant's total cash payments made directly to employees in lieu of health insurance or benefits were more than "incidental" in each of the three (3) years preceding this action.

39.   Defendant's health benefits plan is not bona fide for the purposes of 29 U.S.C. 207(e)(4) and 29 C.F.R. section 778.215.

40.   Defendant's payments made on behalf of Plaintiff and other similarly situated individuals towards the purchase of health benefits were not made pursuant to a bona fide plan for the provision of health benefits within the meaning of 29 U.S.C. section 207(e)(4) and 29 C.F.R. section 778.215.

41.   Payments made on behalf of Plaintiff and other similarly situated individuals towards the purchase of health benefits are required to be included in Plaintiff's overtime compensation.

42.   Defendant's payments made on behalf of Plaintiff and other similarly situated individuals towards the purchase of health benefits were not included in any employees' overtime compensation.

43.   Because the remunerations paid to Plaintiff and similarly situated individuals in lieu of health benefits were not made for hours of non-work, or made pursuant to a bona fide benefit plan, they must be included in the "regular rate" of pay for determining overtime compensation as required by the FLSA.

44.   At all times relevant hereto, Defendant, through pattern and practice on a city-wide basis did not include the monetary compensation it provided directly to

Plaintiff and similarly situated individuals in lieu of health benefits as well as for spending less than the monthly allowance provided towards Defendant-provided health benefits coverage into the "regular rate" of pay for the purposes of determining overtime compensation as required by the FLSA.

45. Likewise, Plaintiff is informed and believes, and based thereon alleges, Defendant failed to include contributions it made on behalf of Plaintiff's behalf and other similarly situated individuals toward the purchase of health benefits in the "regular rate" used to calculate their overtime compensation.

46. Defendant also paid Plaintiff and certain similarly situated individuals compensation in lieu of holidays.  For example, under the labor contract governing police department supervisory employees (Police Records Supervisor, Public Safety Communications Supervisor, Police Sergeant) the Holiday Pay section states "Shift employees are required to work schedules that do not allow for time off on a holiday, as such compensation in lieu of fixed or floating holidays for Police Sergeants (i.e. Patrol) is as follows: (1) In lieu of fixed or floating holidays, shift Sergeants shall be compensated with thirteen (13) hours per month holiday pay at their regular rate of pay..." during the relevant period.

47. Defendant provides similar, almost identical holiday in lieu payments to other employees pursuant to other labor contracts it has with the respective bargaining representatives.

48. 29 C.F.R. 778.218(b) prohibits an employer from using 29 U.S.C. section 207(e)(2) from excluding payments that are made for regularly scheduled days of rest or in addition to compensation for working on other days. This regulation prohibits payments that are not made due to holidays from being excluded from the regular rate.

49. Defendant, through pattern and practice on a city-wide basis did not include the monetary compensation it paid to Plaintiff and similarly situated individuals in

lieu of holidays into the "regular rate" of pay for the purposes of determining overtime compensation as required by the FLSA.

50.   Defendant also provided additional incentive payments to employees for obtaining certain skills.  For example, Defendant paid certain similarly situated individuals compensation for having the ability to speak and understand a second language.  Further, Defendant also provided certain similarly situated individuals compensation for attaining specific educational degrees.

51.   Defendant, through pattern and practice, did not include the monetary compensation it paid to these individuals for bilingual skills or educational attainment into the "regular rate" of pay for the purposes of determining overtime compensation as required by the FLSA.  Further, on information and belief Defendant did not include any incentive payments provided by the applicable collective bargaining agreements into the "regular rate" of pay for the purposes of determining overtime compensation as required by the FLSA.

52.   By excluding certain items of remuneration from the "regular rate" of pay used to calculate the overtime compensation paid to Plaintiff and other similarly situated individuals, including but not limited to cash in-lieu of health benefits, contributions towards the purchase of health benefits, holiday in lieu payments as well as other incentive payments provided by the applicable collective bargaining agreements, Defendant failed to pay them one and one-half times their "regular rate" of pay for all hours of overtime they worked.

53.   Defendant failed to pay Plaintiff and similarly situated individuals for cashed out compensatory time off ("CTO") at the "regular rate" of pay by excluding certain remunerations, including but not limited to cash in lieu of health benefits, contributions made towards the purchase of health benefits coverage, holiday in lieu payments as well as other incentive payments made pursuant to the applicable collective bargaining agreements.

54.  Defendant has a policy of cashing out Plaintiff's unused CTO at less than the rate required by 29 U.S.C. section 207(o)(3) and (4).  On information and belief, this policy applies to all individuals similarly situated to Plaintiff.

55.  29 U.S.C. section 207(o)(3)(B) requires that if "compensation is paid to an employee for accrued compensatory time off, such compensation shall be paid at the regular rate earned by the employee at the time the employee receives such payment."

56.  29 U.S.C. section 207(o)(4) requires that, upon termination of employment, Plaintiff must be paid for unused CTO at a rate of compensation not less than the greater of "(A) the average regular rate received by such employee during the last 3 years of the employee's employment, or (B) the final regular rate received by such employee."

57.  Defendant has implemented and maintained a city-wide practice of excluding certain remunerations, including but not limited to cash in-lieu of health insurance, contributions towards the purchase of health benefits, holiday in lieu payments as well as other payments made pursuant to the applicable collective bargaining agreements in the "regular rate" of pay used to pay out CTO accruals.

58.  At all times relevant hereto, Defendant and its agents and representatives were aware of their obligations to properly compute and use the correct "regular rate" of pay in calculating overtime compensation owed to Plaintiff and similarly situated individuals.

59.  Plaintiff is informed and believes, and based thereon alleges, Defendant and its agents and/or representatives willfully and knowingly violated the FLSA by continuing to exclude remunerations from the calculation of Plaintiff's and similarly situated individuals' "regular rate" of pay.

60.  Defendant's continuing failure to properly compensate Plaintiff and similarly situated individuals was not in good faith and is a willful violation of the FLSA as it applies to employees of local governments.

61.  As a result of the foregoing violations of the FLSA alleged herein, Plaintiff seeks damages for lost overtime compensation and undervalued cash outs of CTO, as well as liquidated damages.  Plaintiff seeks these damages for the entire period of time Defendant engaged in said unlawful and willful conduct, up to three years as prescribed by the FLSA.

62.  Plaintiff also seeks reasonable attorney fees and costs pursuant to 29 U.S.C. section 216(b).

## **FIRST COUNT**

### **(Fair Labor Standards Act - Failure to Pay All Overtime Compensation Earned)**

63.  Plaintiff incorporates by reference each and every paragraph above inclusive as though set forth fully herein.

64.  Defendant suffered or permitted Plaintiff and, on information and belief, other similarly situated individuals to work overtime but failed to include all required forms of compensation into the "regular rate" of pay used to calculate their overtime compensation and the amount of cash paid to Plaintiff and similarly situated individuals who cashed out CTO.

65.  By failing to include all requisite forms of compensation in the "regular rate" of pay used to calculate overtime compensation and CTO cash outs, Defendant failed to compensate Plaintiff and similarly situated individuals at one and one-half times the "regular rate" of pay for all overtime hours as required by the FLSA.

66.  At all times relevant hereto, Defendant and its agents and representatives were aware of their obligations to pay Plaintiff and similarly situated individuals for all hours worked at one and half times the "regular rate" of pay as required by the FLSA.

67.  At all times relevant hereto, Defendant and its agents and representatives knew or should have known of their obligations to pay Plaintiff and similarly situated

individuals overtime compensation at one and one-half of their "regular rate" of pay for all hours worked in excess of the applicable maximum weekly hours established by section 207 of the FLSA.

68. At all times relevant hereto, Defendant's failure to fully compensate Plaintiff for all hours worked was not in good faith, and was a willful violation of the FLSA.

69. As a result of the foregoing violations of the FLSA as enumerated herein, Plaintiff seeks damages for three (3) years of back pay of overtime compensation that was earned but unpaid, as well as an equal amount in liquidated damages.

70. Plaintiff also seeks reasonable attorney fees and costs pursuant to 29 U.S.C. section 216(b).

## **PRAYER**

WHEREFORE, Plaintiff prays for judgment as follows:

1.  For recovery of unpaid overtime compensation and interest thereon plus an equal amount of liquidated damages for Plaintiff and all similarly situated individuals pursuant to 29 U.S.C. section 216(b);

2.  For a determination that Defendant's conduct was reckless and/or an intentional, knowing, and willful violation of the FLSA, and therefore Plaintiff is entitled to recover damages under a three (3) year statute of limitations;

3.  For reasonable attorney fees pursuant to 29 U.S.C. section 216(b);

4.  For costs incurred as a result of this proceeding;

5.  For injunctive relief ordering the Defendant to cease and desist from engaging in said unlawful conduct, including but not limited to, revisions to applicable compensation policies to clearly indicate that the above-referenced remuneration will be included in the "regular rate" of pay for the purposes of overtime compensation;

///

///

6.      For conditional certification of the collective class as pled;

7.      For an order to timely notify all potential collective class members of this action;

8.      For such other and further relief as the court deems just and proper.

Respectfully submitted,

Dated: March 13, 2018                **MASTAGNI HOLSTEDT, APC**

By: */s/ David E. Mastagni*
DAVID E. MASTAGNI
ISAAC S. STEVENS
ACE T. TATE
IAN B. SANGSTER
Attorneys for Plaintiff